Wellington *v.* Drew.

---

## John Wellington *vs.* James A. Drew.

Where goods were left by the plaintiff with another for safe keeping merely, and the defendant came to the bailee of the goods, and saying that he had authority from the plaintiff to make sale thereof, took the goods and sold them, and paid a portion of the proceeds of the sale to the bailee, with the request to pay the same to the plaintiff; and where the plaintiff received this money without objection, and requested the bailee to call on the defendant for the remainder; *it was held,* that *trespass de bonis asportatis* could not be maintained, although the defendant did not show any authority from the plaintiff to make the sale.

EXCEPTIONS from the Court of Common Pleas, REDINGTON J. presiding.

The form of action was *trespass de bonis asportatis.* The evidence, the grounds taken by counsel, and the ruling of the Judge as it appears in the exceptions, will be found in the opinion of this Court.

*Emmons,* for the plaintiff.

*F. Allen,* for the defendant.

The opinion of the Court was by

EMERY J. — This comes before us on exceptions from the Court of Common Pleas, against the Judges' ruling in an action of *trespass de bonis asportatis.* The plaintiff's witness testified, that the

plaintiff left in his possession at *Houlton*, in *November* or *December*, a quantity of tanned calf skins, to be kept safely for him *till* he came back in *February* following, that the witness had no authority from the plaintiff to sell the skins, nor right to authorize or permit another to do so, that he, the witness, never did sell the skins, nor give permission to any one else to do so; that the defendant came to witness' house with one *Whitney* to examine the skins, saying the plaintiff had authorized him to dispose of the same. Witness shew them the skins. On a subsequent day, the defendant sold the skins with others of his own, in exchange for broadcloth, to said *Whitney*. That the skins were taken away from his, the witness', house accordingly, that the defendant brought the witness eight dollars, as part of the proceeds of the sale of the skins, and requested him to give the same to the plaintiff, which he did, and the plaintiff received the same, and requested the witness to call upon the defendant for the balance. The witness could not say whether he called upon the defendant for the balance or not. Upon this evidence the Judge ruled, that the action of trespass could not be maintained, as the evidence disproved any tortious taking.

It is contended, that it ought to have been left to the jury whether the taking was tortious or not, and that the plaintiff did not contemplate or assent to any sale for broadcloth. That it can make no odds to defendant whether he is charged in trespass or assumpsit, and that it was not competent for the Court to order a nonsuit. It does not appear that the Judge did order a nonsuit. The exceptions are against the ruling of the Judge, that the action of trespass could not be maintained, as the evidence disproved any tortious taking. Whereupon the plaintiff was nonsuit.

But we think the ruling of the Judge was entirely correct. There was no secresy in the defendant's proceeding. He stated that the plaintiff had authorized him to dispose of the skins. A portion of the money received as the proceeds of the skins was paid to the plaintiff. On receiving it, not a syllable of complaint was uttered, but the witness was requested to call on the defendant for the balance, thus ratifying the doings of the defendant and confirming his representation to the witness. And we cannot doubt of the good judgment of the plaintiff's counsel in adopting a nonsuit, rather than hazard the taking of a verdict.

*The exceptions are overruled.*