CITY BANK OF COLUMBUS, Respondent, v. PHILLIPS, Appellant.

1. It is a good defence to an action on a promissory note, given as a premium note to an insurance company, that the maker was induced to give the said note by false representations of the solvency of the company, made with intent to deceive; nor is it necessary that those false representations should

be actually made to the maker of the note himself; any false and fraudulent representations held out and made to the world at large for purposes of deception, as by the public statement of the condition of the company, and relied upon by the maker of the note, will constitute a good defence.

2. Notice to several directors of a bank, taking a note by endorsement, of fraud in the consideration of the note, is notice to the bank. Such notice may well be presumed, where some of the directors of the bank are also directors of an insurance company, by whom the note was endorsed to the bank, and in whose hands the note was void for fraud.

*Appeal from St. Louis Court of Common Pleas.*

The facts appear in the opinion of the court.

*Hudson*, for appellant.

*Drake*, for respondent.

RYLAND, Judge, delivered the opinion of the court.

This was an action by the city bank of Columbus on a negotiable note, dated May 1st, 1851; it was a premium note, given for the insurance on a steamboat. The bank took the note on discount in the usual course of business. The defence set up in the answer was that the Columbus insurance company was insolvent, and fraudulently entered into the contract of insurance; that by reason of the fraud the contract was void, and the insurance company acquired no right to recover upon the note, and that the city bank of Columbus, when she took the note, knew this. The note was executed to James M. Clendennin, the agent of the Columbus insurance company, dated 1st May, 1851, and payable six months after date. The note was endorsed by Clendennin, the agent, to the Columbus insurance company, and was by the company discounted at the bank, the plaintiff in this action.

On the trial, the defendant offered evidence tending to show that the Columbus insurance company was *wholly* insolvent at the date of the issuing of the policy and of the note; that the same persons who controlled the bank also controlled said insurance company; that the directors, or a portion of them, were stockholders and directors in both institutions, and knew

of the utter insolvency of the insurance company at the date of said note ; also evidence of the false statement filed by the insurance company in the office of the clerk of the county court at St. Louis, and the false statement made by the published condition of the insurance company, and that defendant had read said statement before taking out said policy of insurance ; that long before the maturity of said note, the insolvency of said insurance company became notorious, and the company ceased to do any business, and never paid any losses thereafter ; that the company failed for several hundred thousand dollars over the assets. There was no proof that Clendennin, the agent, knew that the insurance company was insolvent at the time of giving the policy and taking the note. The following instruction, among others, was given for the plaintiff : " If the jury believe from the evidence that the plaintiff acquired title to the note sued on before it became due, and for a valuable consideration, then the defendant, in order to avail himself of the insolvency of the Columbus insurance company, as a defence to this action, must prove to the satisfaction of the jury the following facts : That said company, when said note was given, was, and knew itself to be, insolvent, and unable to fulfill the contract of insurance, on account of which said note was given ; that said company, knowing itself to be insolvent and unable, induced the defendant to give said note, by false representations of its solvency, actually made to him, for the purpose and with the intent fraudulently to deceive him, and induce him to give said note ; and that the plaintiff, when it acquired title to said note, knew for what it had been given, and that it had been obtained from the defendant by means of such false representations, actually made by said company, with such fraudulent intent." And also the following was asked by defendant, but was refused : " If the jury believe from the evidence that the note sued on in this case was given for a premium of insurance effected by the Columbus insurance company for said defendant, and that at the time the said insurance was effected and note given the said insurance company was insolvent, and that

its insolvent condition was at that time and as early as the first day of January, 1851, known to the officers and directors of said insurance company, or some of them, and that the said insurance company made statements and exhibits of its condition on the first day of January, 1851, which were false, and known to be so by its directors or some of them, and that the statement of the condition of said company, given in evidence by defendant, was filed in the office of the clerk of the county court of St. Louis county, as early as 8th February, 1851 ; and if the jury further find that the note in question was transferred by said insurance company to plaintiff, and that at that time the directors of said plaintiff, or some of them, knew for what consideration said note was given, and had knowledge that at the time said note was given the said insurance company was insolvent, and that it had made, prior to the date of said note, such false and fraudulent misrepresentations, then the plaintiff can not recover."

1. This instruction, given for the plaintiff, is erroneous. The court here tells the jury that the defendant, in order to avail himself of the insolvency of the Columbus insurance company, (if the jury believe that the plaintiff acquired title to the note sued upon, before it became due, and for a valuable consideration,) as a defence to this action, must prove, to the satisfaction of the jury, the following facts, to-wit : " That said company, when said note was given, was and knew itself to be insolvent and unable to fulfill the contract of insurance, on account of which said note was given ; that said company, knowing itself to be so insolvent and unable, induced the defendant to give said note, *by false representations of its solvency, actually made to him for the purpose and with the intent fraudulently to deceive him, and induce him to give said note ;* and that the plaintiff, when it acquired title to said note, knew for what it had been given, and that it had been obtained from the defendant by means of such false *representations, actually made by said company with such fraudulent intent.*" Surely the law does not require that the false representations

City Bank of Columbus v. Phillips.

must be actually made to the party himself, in order to avoid the note. Any false and fraudulent representations held out and made to the world for the purposes of deceit and deception, by which the defendant becomes imposed upon, and on account of which he comes under an obligation to the party making such, would, in law, discharge him from such obligation, would be a fraud upon him, though he had never been spoken to by the party making these representations. It ·is enough if he was entrapped by them, and that they were designed to entrap some one. This instruction, then, did not lay down the law correctly, and for this the case must be reversed.

2. The same persons or a portion of them control both institutions, the bank and the insurance company. The insurance company becomes insolvent—hopelessly unable to pay for any losses. That company make false publications as to its condition and ability to pay. It also files, under the statute law of this state, a statement of its condition with regard to its means and liabilities. This our law requires, because the company has its agent here doing business for it. This statement is to be filed with the clerk of the county court of St. Louis county. This statement should be honestly and truly made. This statement, filed by the company in this case, was proved to be false. Now it is but a reasonable presumption that what one of these companies or institutions does, is known to the other; that the condition of each is known to the other. The same directors, or a portion of the directory and stockholders in each is the same. Notice, therefore, may be well presumed against the bank. " It is a well established principle, both in law and equity, that notice to an agent in the transaction for which he is employed, is notice to the principal; for otherwise, where notice is necessary, it might be avoided in any case by employment of an agent. The rule applies equally to a corporation as to a natural person. In case of a joint agency as of directors of a bank, knowledge of a material fact, imparted by a director to the board at a regular meeting, is notice to the bank. Notice to either of the directors, *whilst engaged in the busi-*

*ness of the bank*, is notice to the principal, the bank." (An-gel & Ames on Corporations, 299 ; 2 Hill, 451.) Apply this principle here, and if the directors of the insurance company knew that the company was insolvent, that it had made false statements—false publications of its situation, and thereby in-duced persons to take policies of insurance and execute to the company notes for the premiums, when it was utterly unable to pay for any losses that might happen, then assign over these premium notes, or have them discounted at a bank where the directors are, in part, the same men who manage and control the insurance company, and I see no reason why a knowledge of the fraud of the insurance company may not be carried home to the bank upon any note of the premium notes thus obtained. The bank should not discount notes taken by the institution which is known to the bank to be hopelessly insolvent. There is here in proof such connection between these two institutions, such a unity in the controlling power of the two, so broad a connection, that notice can well be imagined passing from one to the other of all the transactions of both.

The instruction prayed for by the defendant, in the opinion of a majority of the judges, was improperly refused. It should have been given. For the errors aforesaid, in giving and re-fusing instructions above pointed out, the judgment below is reversed, and the cause remanded ; Judge Scott concurring.