## JOHN H. BROWN *versus* PATRICK MORAN.
## SAME *versus* SAME.

When jurors have had opportunity to examine for themselves in regard to matters testified to by witnesses produced before them, their verdict will not be disturbed by the Court, on a motion for a new trial, because it differs in some respects from the testimony given in the case.

When evidence legally inadmissible is introduced without objection, it must be understood to be in the case by consent. Each party may then insist on its being considered by the jury in making up their verdict; and instructions by the Court to that effect afford no legal ground of exception.

When a party has recovered, in an action of assumpsit without objection, his damages for the tortious doings of another, he cannot, in trespass, recover damages for the same cause on the ground that the previous proceeding was illegal.

A refusal of the Court in such action of trespass, to instruct the jury that it was not competent for the plaintiff to have recovered in the action of assumpsit for the articles declared for in the present suit, was not erroneous, although it might have been a proper instruction in the action of assumpsit.

The whole question in regard to the articles alleged to have been tortiously taken, having been presented, without objection, to the jury in the action of assumpsit, and *passed upon* by them, it became *res adjudicata* so far as a verdict could make it so.

ON EXCEPTIONS and MOTION FOR NEW TRIAL, from *Nisi Prius*, HATHAWAY, J., presiding.

These actions were tried at the October term, 1854.

The first was *assumpsit* for labor and materials in building three small houses for defendant. Plea, the general issue.

The plaintiff nearly completed one of the houses and had the others in progress, under a special contract, when a difficulty occurred, and he quit the job. Defendant then took possession of the houses and finished them.

Under instructions from the Court the jury returned a verdict for the plaintiff.

The plaintiff filed exceptions to the instructions, and also a motion for a new trial, on the ground that the verdict was against evidence.

The former were not relied upon at the argument, and the evidence exhibited in support of the latter is indicated in the opinion.

The second action was *trespass* for taking some of the plaintiff's materials provided for finishing the houses. It was commenced on the same day as the other, and was tried at the same term, on a day subsequent to the trial of the action of assumpsit.

The plea was the general issue, and a former recovery.

It appeared in evidence that after nearly finishing one house the plaintiff left for two or three days to attend to another job. On his return he found that some of the materials which he had furnished (those sued for,) and left in the houses, had been removed by defendant. On this account difficulty arose. The plaintiff claimed that they should all be returned. The defendant expressed a willingness to return such part of them as he thought sufficient for the continuance of the work.

On the trial of this action the defendant gave in evidence, without objection, the writ, bills of particulars, and the whole record of proceedings in the action of assumpsit. And there was much other evidence.

The Judge instructed the jury, that although defendant

was a trespasser by intermeddling with plaintiff's materials, yet it was competent for plaintiff to bring an action of assumpsit for his labor, and materials furnished for defendant's houses, and to recover his pay therefor, but that he was not entitled to be paid twice for the same materials; that he could not recover in this action for any of the articles and materials furnished for building the houses which were sued for, and pay for them recovered in said action of assumpsit, between the same parties; that they would have with them the writ, vouchers and bills of particulars introduced by the plaintiff in said action of assumpsit, and the whole record of proceedings therein; and if the articles sued for in this action were embraced in said action of assumpsit, the verdict in that case, so long as it should stand, must be considered conclusive as to the rights of the parties concerning all matters embraced in the action, and rightfully submitted to the jury therein.

The counsel for plaintiff requested the Judge to instruct the jury, " that it was not competent for the plaintiff to have recovered for these articles in the other suit, unless the defendant actually sold the articles taken," and the Judge refused so to instruct them.

The verdict was for defendant, and the plaintiff excepted to the rulings and to the refusal to instruct as requested.

*Knowles & Briggs,* for plaintiff.

1. The verdict in the action of assumpsit was at most a matter in abatement only, and as it was not pleaded, was waived. Gould's Plead., c. 5, § 153. The instructions in regard to it were erroneous. 2 Greenl. Ev. § 26; *Commonwealth* v. *Churchill,* 5 Mass. 174.

2. The instruction requested should have been given. *Webster* v. *Drinkwater,* 5 Greenl. 323.

3. The tort cannot be waived and assumpsit brought, where property has been stolen, nor could it in this case. *Foster* v. *Tucker,* 3 Greenl. 458. After the property has been sold by the tort-feasor, assumpsit will lie, but the proof shows no such

fact in this case. *Hathaway* v. *Burr*, 21 Maine, 567; *Miller* v. *Miller*, 7 Pick. 136.

4. The articles sued for in this action, could not, therefore, have been lawfully recovered for in the action of assumpsit, and if a recovery had been attempted, (which we deny,) and their value included in the verdict, the amount could be recovered back.

*Waterhouse*, for defendant.

TENNEY, J. — In the action of assumpsit, which was to recover payment for work and labor done, and materials furnished for building certain houses, and for that part of the materials furnished for that purpose which had been removed by the defendant, the verdict was for the plaintiff, and exceptions were taken to the instructions of the Judge, and a motion filed, that the verdict be set aside. Those exceptions are not relied upon. No copy of the motion has been presented to the Court; but it is understood from the argument, that the ground of the motion is, that the verdict should have been for the defendant, because the payments made by him exceeded the amount of the value of the labor and materials furnished by the plaintiff; but, if not so, because the verdict for the plaintiff was unreasonably large.

At the trial, evidence was introduced in the opinions of witnesses, touching the work done by the plaintiff, and that left undone, according to the contract made between him and the defendant, and the value of each part; and also in relation to work done and materials furnished, in alterations agreed upon, and extra work performed, and the value thereof. The jury inspected the buildings for the purpose of more fully understanding the facts in controversy. Their general knowledge of such matters, and that obtained from inspection, may have essentially controlled and corrected certain opinions, expressed by witnesses, and enabled them to form an opinion differing in some respects from those given in evidence. When all the facts and circumstances, presented by the report, are considered, we are not satisfied that the jury were influenced

by such causes as are held authority to the Court to disturb verdicts, and it is not shown, that they failed to understand the evidence adduced.

The two actions were commenced on the same day, and that of trespass was for causes embraced in the one of assumpsit, which was first tried. Exceptions were taken by the plaintiff in the action of trespass, the verdict having been for the defendant, upon a plea of the general issue, and a former recovery, and upon evidence introduced. by both parties.

The plaintiff had the benefit, which he sought, on account of the materials alleged to have been removed by the defendant, in the action of assumpsit; proof having been offered and introduced therein without objection of any kind. It does not appear, that any obstacle to a recovery was presented in any ruling or instruction of the Judge; and if the evidence satisfied the jury, that the defendant had the benefit of the materials, it was included in the damages found; if otherwise, the matter was passed upon by them, and became res adjudicata, so far as a verdict could make it so.

In the trial of the action of trespass, the writ, bills of particulars, which had been presented in evidence in the action of assumpsit, the verdict, and the whole proceedings of record therein, were submitted to the jury without objection; and they were instructed that the plaintiff was not entitled to his pay twice for the same materials, and that he could not recover in this action for any of the articles and materials furnished for building the houses, which were embraced in, sued for, and proved in said action of assumpsit, between the same parties.

No objection was made to the plea of general issue and former recovery, and the evidence introduced without objection, must be understood as given under that issue by consent. The jury therefore had the right to consider the evidence before them, and each party could claim that it should be so considered; and the instructions in this case, in effect, were no more than to allow them to come to such a result in their verdict, as they should find the facts to warrant. No question

was made during the trial and the introduction of the evidence in either of the cases, whether assumpsit could be maintained for the labor and materials furnished for building the defendant's houses, if he, as a trespasser, intermeddled with the plaintiff's materials. The proofs were offered, the trials proceeded and the juries were charged, on the idea, that such action could be maintained without any objection; and it is difficult to perceive how the plaintiff was aggrieved by the instructions in the action of trespass, at the time they were given.

The instruction requested by the plaintiff's counsel, and refused, was, that it was not competent for the plaintiff to have recovered, in the action of assumpsit, for the articles which were the cause of action in the writ of trespass, unless the defendant actually sold the articles taken. This might have been a proper instruction for the defendant to have requested in the action of assumpsit. But he did not invoke the principle embraced in the request, but was willing that the plaintiff's claim should be wholly considered in the case in which it was made. The party now making the request for this instruction, brought his action of assumpsit for these materials, presented his proof in support of the claim, without objection, and after securing his verdict, upon which he now asks judgment, insists that the claim for these materials could not be supported in that action. The law does not lend its aid, in support of such an absurdity, to work injustice.

An exception was taken to another ruling, at the trial, but it is understood to be abandoned by the plaintiff.

In the action first named,

*Exceptions and motion overruled.*

In the other action,

*Exceptions overruled.*

RICE and APPLETON, J. J., concurred.