FINLAY v. BRYSON, *Appellant.*

1. **Attachment**: DEBT FRAUDULENTLY CONTRACTED: STATUTE. The wrongful conversion of personal property will not authorize the commencement of a suit by attachment under Revised Statutes, section 398, which furnishes such remedy "where the debt was fraudulently contracted on the part of the debtor."

2. **Tort**: WAIVER OF. One cannot waive a tort and sue *in assumpsit* if the effect of it is to give jurisdiction over the subject matter to a court which otherwise would not possess it, or to bring the case within the terms of a statute which otherwise would not include it.

3. **Estoppel.** Nor can one sue *in assumpsit* for the wrongful conversion of personal property and insist upon such conversion as the basis of a fraud to sustain an attachment in the same suit.

*Appeal from Johnson Circuit Court.*—HON. N. M. GIVAN, Judge.

AFFIRMED.

*O. L. Houts* for appellant.

(1) The action was not for a debt contracted upon part of defendant, but grew out of a tort and the attachment could not be sustained upon the ground alleged—that "the debt sued for was fraudulently contracted upon part of defendant." And a waiver of the tort did not change the facts in the case, or cause the thing in action to arise out of contract. R. S., 1879, p. 62, sec. 398, sub. div. 14; *Wallen v. The St. Louis, Iron Mountain & Southern Railway Co.*, 74 Mo. 521; *Ederlin v. Judge*, 36 Mo. 350; *Hoagland v. Railroad*, 39 Mo. 451, 457; *McDonald & Rew v. Jacob Forsyth et al.*, 13 Mo. 549; Bishop on Contracts, secs. 190, 191, and 81 and 89. (2) If the evidence of plaintiff is true, defendant was guilty of embezzlement or larceny and plaintiff should have attached under sub-division 12, section

section 398, p. 62, Revised Statutes, 1879, providing for cases " where the damages for which the action is brought are for injuries arising from the commission of some felony or misdemeanor." (3) Plaintiff by suing for money had and received waived the tort and fraud of the defendant, ratified and affirmed his actions in taking and receiving the money, not in part, but in the whole, and cannot, for the purposes of the attachment, treat the transaction as a wrong. 4 Wait's Actions and Defences, pp. 475–476, sec. 4, and cases cited. (4) The instructions of the court to the jury upon the trial on the merits that in order for defendant to establish his off-set, he must prove the same to the *satisfaction* of the jury by a *preponderance of the evidence,* was equivalent to requiring him to make out his case beyond a reasonable doubt, and misleading. 1 Greenleaf on Evidence (Redfield's Ed.) p. 4, sec. 2 ; *People v. Hamilton,* The Reporter, Vol. 13, p. 393 ; Webster's Dictionary, p. 1172; *Clarke v. Kitchen,* 52 Mo. 316.

*J. J. Cockrell* for respondent.

(1) Debt denotes any kind of a just demand. 1 Bouvier's Dictionary, 379. Under our statutes, on any demand, whether arising out of tort or contract, an attachment may issue for the specified causes. R. S., sec. 398. (2) It is a fraud to unlawfully appropriate the property of another with the knowledge that it belongs to such other person and with design to deprive him of the same. 1 Bouvier's Dictionary, 546. (3) There was an implied contract and the action is founded on it. (4) It was proper to instruct the jury as to the burden of proof. The party having the affirmative may be required by instructions to the jury, to establish his case by a preponderance of evidence. *Gay v. Southworth,* 113 Mass 333 ; Sackett on Instructions, pp. 39, 89, 114, 126, 184, 213, 318. And to the satisfaction of the jury. See 1 Wharton on Evidence, sec. 357, p. 306; *Huchber-*

*ger v. Home Ins. Co.*, 5 Bissell 106 ; *Hauken v. Squires,* 5 Bissell 186 ; *Fullerton v. Bank*, 1 Pet. (U. S.) on p. 616.

MARTIN, C.—The plaintiff sues in attachment. In his petition he alleges that the defendant is indebted to him in the sum of five hundred and ten dollars for money had and received by him for the use of plaintiff. He adds that this money consists of the proceeds of two pairs of mules sold by defendant as the property of plaintiff, in the sum of three hundred and thirty dollars, and of money received by defendant from one Bailey belonging to plaintiff, in the sum of one hundred and eighty dollars ; that defendant refuses to pay over the same to plaintiff although requested so to do. To this petition is appended an affidavit in due form setting forth the grounds of the attachment as follows : "And that this affiant has good reason to believe and does believe that the debt sued for was fraudulently contracted on the part of the defendant, the debtor." The truth of these facts in the affidavit was put in issue by a plea in abatement. This issue was tried by the court without the intervention of a jury.

The plaintiff submitted evidence tending to prove that the defendant received four mules, the property of plaintiff, with directions to sell the same, and deposit the proceeds thereof to the credit of plaintiff ; that defendant sold the mules for three hundred and thirty dollars, and, without the authority of plaintiff, converted to his own use the said sum, together with the further sum of one hundred and eighty dollars, also the money of plaintiff, which defendant drew from plaintiff's deposit without authority, and that when called upon to account for the same, defendant had told contradictory stories in regard to losing the money. The defendant introduced evidence tending to prove that he took and received said money, aggregating five hundred and ten dollars, for the purpose of buying sheep for plaintiff, and that said money was lost by him or stolen from him, while traveling for the purpose of buying sheep. This was all the evidence on the issue.

The court ruled at the trial, that if the defendant obtained possession of the money by any means, without authority of plaintiff, and with the intention to convert the same to his own use, took the same with him from the city of Denver, and when demanded of him refused to pay the same, pretending that he had lost it, when in fact he had not lost it, then the debt was fraudulently contracted on the part of defendant.

The court further ruled that if the defendant without authority from plaintiff, carried the said money with him from Denver, with the intent to appropriate the same to his own use, then the debt was frauduently contracted, whether the money was subsequently lost or not.

The court refused to rule that the defendant was entitled to a finding on the pleadings and evidence. The issue was thus found in favor of plaintiff.

The defendant made answer to the cause of action contained in the petition, admitting that he had received the sum of five hundred and ten dollars of plaintiff's money to his, the plaintiff's use. He also pleaded an off-set in the sum of seven hundred and thirty-one dollars for work and labor performed, and property furnished to plaintiff, asking judgment for a balance in his favor. This issue was tried by a jury and resulted in a verdict for plaintiff in the sum of three hundred and thirty dollars, from all which the defendant appeals.

I. Whether the plaintiff was entitled, on the pleadings and evidence, to judgment on the issue raised by the plea in abatement, is the principal question presented in the record for our determination. A solution of it involves the construction of the fourteenth sub-division of section 398, which furnishes to suitors the remedy by attachment, "where the debt sued for was fraudulently contracted on the part of the debtor." R. S., 1879, sec. 398. I am not aware that this ground of attachment, which appears first in our general statutes of 1865, has ever been considered by this court. In the same revision our attachment law was so amended as to furnish the

remedy in all civil actions, whether resting on contract or sounding in tort. But when an attachment is sought upon the grounds contained in the fourteenth sub-division, the misconduct of the defendant, constituting the ground of the attachment, must relate to the same cause of action set forth in the petition; and it is there, as well as in the affidavit of attachment, referred to as an action of debt. The plaintiff must depose in his affidavit that the debt sued for in the petition was fraudulently contracted on the part of the debtor. This language in its ordinary signification does not aptly apply to actions sounding in tort. In construing statutes we are expected to accept the meaning of language as indicated by its ordinary use, unless it is apparent from the context and subject matter, that a different meaning must have been intended by the law-making power. If at the time this statute was enacted, there were matters and things well known and understood by the designation therein employed, it .is but reasonable to presume that the statute relates to them, rather than to other subjects not so well known or understood by said designation. I think there never was a time in our judicial history, when the subject matter of a debt, fraudulently contracted on the part of the debtor, was not well known in our courts. The essential ingredients of such a wrong are and always have been equally well known. The objective point of fraud does not lie in any particular direction, nor is it confined to any particular subject matter. It may seek to effect a debt as well as to despoil one of his estate.

Debts induced by fraud are common things in our reports; and as such they answer the language of the fourteenth sub-division without going further. The fraudulent transaction referred to must culminate in a debt. The debtor must have been guilty of some material deceptive act, word or concealment, done or suffered by him with the intent to induce the opposite party to con-

sent to the debt. The opposite party must have relied upon such false acts or manifestations of the debtor, and yielded his consent to the contract on the faith thereof. In this manner, alone, results a debt fraudulently contracted on the part of the debtor. *City Bank of Columbus v. Phillips*, 22 Mo. 85 ; *Bryan v. Hitchcock*, 43 Mo. 527 : *Wannell v. Kem*, 57 Mo. 478 ; *Bailey v. Smock*, 61 Mo. 213 ; *St. Louis Type Foundry v. Union Printing Co.*, 3 Mo. App. 142 ; *Holland v. Anderson*, 38 Mo. 55. It has been decided in this state that when a person has been induced by fraud to accept a contract, he is not bound to rescind it in order to recover for the fraud. He may stand by it, and sue his adversary for the damage inflicted upon him by his fraud. *Jarrett v. Morton*, 44 Mo. 275 ; *Parker v. Marquis*, 64 Mo. 38. The statute we are construing seems to proceed upon this principle, by allowing the plaintiff to sue on the debt, and prosecute an attachment against the debtor's property, for having fraudulently induced it. In applying these views to the evidence given in support of the attachment, I am unable to discover the essential ingredients, which constitute in our law a debt fraudulently contracted on the part of the debtor. It fails to show that any debt was ever contracted at all by the debtor, not to say anything of the manner in which it must have been contracted to answer the language of the statute. It tends to prove that the defendant appropriated the plaintiff's money or property to his own use. But the unlawful conversion of property or money results only in damages so far as the acts of the wrongdoer are concerned. As a matter of fact he agrees to no debt, nor can he lawfully treat it as such. That privilege belongs to the other side, not to him.

There is no evidence in this case that the defendant practiced any misrepresentation or deceit upon the plaintiff, whereby he was induced to consent to the liability

which he now affects to treat as a debt. The excuse of having lost the money may have been an untrue explanation of his reason for converting it to his own use, but it furnishes nothing by way of an inducement to the plaintiff's consent to the liability or supposed contract of indebtedness. The defendant's liability arises from the conversion of the property to his own use. His excuses are only resulting incidents of the wrong, and not its inducing causes. If the attachment can be sustained on this evidence, then it can be sustained under the sub-division for every conversion of property. This would be an unwarrantable extension of the language of the statute. The wrongful conversion of property, which results in damages is one thing; the fraudulent inducement of a debt is another thing. Both are well known, and the sub-division we are construing refers to the latter and not to the former.

II. It is argued by plaintiff, that since it appears that the defendant in his conversion of the property sold it, and received the proceeds of the sale in money, the plaintiff is at liberty to waive the tort, and sue him *in assumpsit* for money had and received. This right of election is very generally conceded to plaintiff by the authorities, where his sole purpose is to maintain an *assumpsit*. So far as the defendant is concerned this right rests upon a fiction imposed at the plaintiff's pleasure upon the actual facts of misconduct of the defendant, which discloses no elements of a promise, contract or agreement. But when the *gravamen* of the transaction sounds in tort, the plaintiff will not be indulged in this fiction, if the effect of it is to give jurisdiction over the subject matter to a court which otherwise would not possess it. *Sandeen v. R. R.*, 79 Mo. 278; or to bring the case within the terms of the statute, which otherwise would not include it. *Miss. Cent. R. R., v. Fort*, 44 Miss. 423. If, therefore, the only ingredient of indebtedness distin-

Finlay v. Bryson.

guishing the ground of the attachment rests on fiction, and is furnished by the plaintiff at his election, my conclusion is that the transaction intended in the affidavit cannot, within the meaning of the statute, answer the description of a debt "fraudulently contracted on the part of the debtor."

III. The prosecution of this attachment is subject to another embarrassment which may be briefly stated. The plaintiff in his petition having elected to waive the tort and sue *in assumpsit* for the money had and received by defendant, by what authority can he resume the tort in the same suit, and insist upon it as the basis of a fraud, to sustain the proceeding in attachment? By electing to sue for the money for which the property was sold, he affirms the acts of the wrongdoer, claiming the proceeds thereof, and is thereafter estopped from treating the transaction as a wrong. He will not be permitted to waive the tort and to prosecute the defendant for it in the same suit. *Brewer v. Sparrow*, 7 H. & C. 310 ; *Rodermund v. Clark*, 46 N. Y. 354 ; *Goss v. Mather*, 2 Lans. 283 ; *Wellington v. Drew*, 16 Me. 51 ; *Brown v. Moran*, 42 Me. 44 ; *Fireman's Ins. Co. v. Cochran*, 27 Ala. 228 ; *Whitney v. Allaire*, 4 Denio 554.

In pursuance of these views the judgment on the issue raised by the plea in abatement is reversed, and judgment thereon rendered for defendant, dissolving the attachment. Finding no material error in the trial of the issues raised by the petition and answer, the judgment thereon is affirmed. All concur.