McBride, judge,
delivered the opinion of the court.
Harrison Smith as administrator of Thomas Grove, brought an action of trover before a justice of the peace against Isaac Grove, “ for one bay horse, worth $20, and fifty head of stock hogs, worth $30,” making the sum of $50. A verdict and judgment was obtained before the Justice from which the defendant appealed to the circuit court, where, on motion of the defendant, the judgment of the justice was reversed and the *52 cause dismissed. From this judgment the plaintiff has appealed to this court.
By referring to the motion filed in the circuit court by the defendant’s attornies, for a dismissal of the case, we are led to conclude that the court dismissed the case under the belief that the justice of the* peace had not jurisdiction.
The statute regulating the “jurisdiction of justices courts” provides by the third sub-division of the third section R. C. 1845, p. 685, that justices of the peace and the circuit courts shall have concurrent jurisdiction over “ all actions of trespass and trespass on the case for injuries to persons, or to personal or real property, wherein the damages claimed shall exceed twenty dollars, and shall not exceed fifty dollars.”
The action brought by the administrator in this instance must be regarded as an action of trover; for the statement filed before the justice of the peace, charges the defendant with having “ taken the property” above specified “ and converted the same to his own use.” The action of trover was, in its origin, an action of trespass on the case for the recovery of damages against a person who had found goods, and refused to deliver them on demand to the owner, but converted them to his own use, from which word finding (trover) the remedy is called an action of trover. Bl. Com.; 1 Chitty’s Pleadings.
The action of trover may now be brought against any person who has in possession, by any means whatever, the personal property of another, and sold or used the same without the consent of the owner, or refuses to deliver the same when demanded. The injury lies in the conversion and deprivation of the plaintiff’s property, and in this consists the gist of the action, 1 Chitty’s pi. 167. Bacon’s Ab. title trover.
Any person having a special or general property in the thing converted, may maintain an action of trover to recover damages for the withholding of the same from him. And hence an executor or administrator, who represents the testator or intestate, may ¡bring the action, in perhaps every case, where the deceased might have done in his life time, for they acquire by relation, a general property in whatever belonged to the deceased at his death.
We are of opinion therefore. 1st, That the justice of the peace had jurisdiction, and 2d, That the administrator had a right to sue in this form of action.
Judgment reversed and the cause remanded for trial in the circuit court,