AHERN, Respondent, v. CARROLL *et al.*, Appellants.

1. Justices of the peace have no jurisdiction of actions for torts—as for unlawfully taking and detaining personal property—where the damages claimed amount to ninety dollars.

*Appeal from St. Louis Law Commissioner's Court.*

*C. C. McClure*, for appellant.

I. The justice of the peace had no jurisdiction.

EWING, Judge, delivered the opinion of the court.

This was a suit before a justice of the peace on the following statement: "Andrew Carroll and John Carroll, to Jeremiah Ahern, Dr. 1854, July. To value of horse belonging to me and unlawfully taken and detained, and which you have failed to return, $90." At the trial a motion was made to dismiss the trial for want of jurisdiction, which was overruled, and a trial being had judgment was given for the plaintiff for seventy-five dollars, from which the defendants appealed to the law commissioner's court. Here, a similar motion to dismiss being overruled, upon a trial by the court plaintiff again had judgment.

The only question is as to the jurisdiction of the justice of the peace. The statute gives jurisdiction to justices of the

peace over actions for injuries to persons, or to real or personal property, wherever the damages claimed shall not exceed twenty dollars, and concurrent jurisdiction with circuit courts for injuries to persons or to personal or real property, wherein the damages claimed shall exceed twenty and not exceed fifty dollars ; for the recovery of specific personal property, not exceeding the value of fifty dollars, alleged to be wrongfully detained, and damages for injuries thereto, or for the taking and detention, or detention thereof, not exceeding twenty-five dollars. (R. C. 1855, p. 925.) This being an action for a *tort*, and the amount claimed being ninety dollars, it is obvious the justice had no jurisdiction. It is immaterial that damages were not claimed, *eo nomine*, the cause of action being an unlawful taking and detention of the property.

Judgment reversed ; the other judges concurring.