MICHAEL ALLEY, Plaintiff in Error, *vs.* JOHN G. GAMELICK, Defendant in Error.

1. *Justice's court—Damages for injuries to personal property—Jurisdiction of justice.*—An action before a justice to recover damages for the taking and detention of personal property where no claim is made for the recovery thereof, sounds in the injury done to the property as contemplated by sub-division 3, § 3, Art. I, of the act touching Justice's Courts, (2 Wagn. Stat., 809,) and is properly brought under that sub-division, and a judgment for fifty dollars in such case is within the jurisdiction of the justice.

Where suit is brought under sub-division 4, the damages claimed for injuries or detention) are not the cause of action, but are merely incidental to the recovery of a judgment for the specific property sued for.

### *Error to Andrew Circuit Court.*

*A. J. Harlan,* for Plaintiff in Error.

I. Plaintiff here makes no claim for the recovery of the specific property, but for deprivation of its use. Sub-division 4 refers to replevin cases. There the recovery of the property in specie is the cause of action, and its detention is the incident.

*J. P. Altgeler,* for Defendant in Error.

VORIES, Judge, delivered the opinion of the court.

This action was brought before a justice of the peace, to recover damages, for the wrongful taking and detention of the personal property of the plaintiff. The cause of action was as follows:

"Plaintiff states that the defendant on the 16th day of November, 1871, at the County of Andrew, and State of Missouri, wrongfully, forcibly and unlawfully seized, took into his possession, drove, rode and carried away, and caused the same to be done, one black mare with a blaze face, and one bay mare, each of the value of one hundred dollars; and one set of double harness of the value of fifteen dollars, all of the personal property of the plaintiff, and unlawfully kept and detained the same from plaintiff, from the said 16th day of November, 1871, to the 2nd day of December, 1871, where-

by the plaintiff was deprived of the use of said property during all that time, to his damage in the sum of fifty dollars, for which he asks judgment.

The parties appeared before the justice on the day set for trial, and being ready therefor, a jury was summoned and the parties proceeded to introduce their evidence. After it was closed defendant by his attorney filed a motion to dismiss the suit for want of jurisdiction in the justice. This motion was heard by the justice and sustained, and the case dismissed at the cost of the plaintiff, and judgment rendered accordingly. Plaintiff appealed to the Circuit Court where the parties appeared and defendant again filed a motion to dismiss the appeal and confirm the judgment of the justice. The motion to dismiss is as follows:

"Now comes the defendant and moves the court to dismiss the appeal and confirm the judgment of the justice in this cause and, for grounds, states that this cause having been properly dismissed by the justice for want of jurisdiction, as is shown by the record cannot be tried anew by this court. This motion was sustained by the court and the cause dismissed, and final judgment rendered against the plaintiff. The plaintiff at the time excepted and has brought the case here by writ of error.

The only question presented for the consideration of this court, is, as to the jurisdiction of the justice of the peace over the cause of action filed in the cause. The statute gives justices of the peace jurisdiction over actions for injuries to persons, or to real or personal property, wherein the damages claimed, shall not exceed fifty dollars, and for the recovery of specific personal property not exceeding the value of fifty dollars, alleged to be wrongfully detained, and damages for injuries thereto, or for the taking and detention thereof, not exceeding twenty-five dollars. (Wagn. Stat., 807, §§ 2, 3.) It is insisted by the defendant, that the action in this case is not brought for the recovery of damages for an injury to personal property, but for the recovery of damages for the detention of personal property under the 4th clause in the 3rd section

of the statute referred to; for the recovery of the specific personal property. We think that this construction of the statute is clearly erroneous. In an action for the recovery of specific personal property, the damages claimed are not the cause of the action, but are merely incidental to the recovery of a judgment for the specific property sued for. The action in this case is not for the specific property, but we think is most clearly to recover damages for an injury to personal property within the meaning of the statute. (Ahern vs. Carroll, 30 Mo., 200.) The justice had jurisdiction to the amount of fifty dollars, the sum for which the suit was brought. The court therefore, erred in dismissing plaintiff's suit for want of jurisdiction.

This being the only point raised by the record, the judgment must be reversed and the cause remanded. The other judges concur.