————o————

LAURA E. SPENCER and HUSBAND, Respondents, *vs.* JOHN R. VANCE, Appellant.

1. *Justices of peace—Jurisdiction in trover.*—A justice of the peace has no jurisdiction for *trover* and *conversion* of an amount exceeding fifty dollars. (Wagn. Stat., 808, § 3.)

2. *Gift by parol—What words necessary to constitute.*—To constitute a parol gift, there must be a giving or actual transfer by words, and not mere words that would signify an intent to transfer in the future.

3. *Trover—Measure of damages.*—In trover the measure of damages is the market value of the property at the time of conversion, with interest up to the time of trial, and not the price paid for it. This rule is subject to qualification where the value of the property is fluctuating.

*Appeal from Worth Circuit Court.*

*Bennett Pike*, for Appellant.

*Dawson & Edwards*, for Respondents.

WAGNER, Judge, delivered the opinion of the court.

This was a proceeding originally instituted before a justice of the peace. The complaint there filed, in substance, stated that plaintiff was the legal owner of a certain young mare, two years old, of the value of eighty dollars; that defendant took said young mare without consent of the plaintiff, and converted her to his own use; that defendant afterwards, without the consent of plaintiff, sold said young mare for the sum of eighty dollars, and converted the same to his own use, and that he never paid any part of the same to plaintiff, though often requested so to do. The prayer was for the sum of eighty dollars and six per cent. interest thereon.

On the trial in the justice's court, judgment was rendered for the plaintiff for one hundred and eleven dollars and forty cents.

The defendant appealed; and in the Circuit Court he made a motion to dismiss the case, because the justice had no jurisdiction. This motion was overruled; and on a trial anew, there was again a verdict and judgment for plaintiff for eighty-three dollars and thirty-one cents. To reverse this judgment the defendant has prosecuted his appeal.

We think it is very evident that the court erred in not sustaining the defendant's motion to dismiss. Clearly the justice's court had no jurisdiction of the cause.

The statute, (Wagn. Stat., 808, § 3) gives justices of the peace jurisdiction " in all actions for injuries to persons, or to personal or real property, wherein the damages claimed shall * * * not exceed fifty dollars." Justices have only such jurisdiction as is conferred upon them by statute, and in all cases of wrongful acts or injuries to personal property, it can only extend to the sum of fifty dollars.

The complaint or statement alleged an unlawful taking of the property by the defendant, and a conversion of the same to his own use. This, under the old system, would have been technically an action of trover, and in such cases it has been expressly adjudged by this court, that the justice can have jurisdiction only where the damages claimed do not exceed

fifty dollars. (Smith vs. Grove, 12 Mo., 51; Glassby vs. Prewitt, 26 Mo., 121; Aherne vs. Collins, 30 Mo., 200.)

The same doctrine was re-iterated in Webb vs. Tweedie, (30 Mo., 488) and it was held, that in cases of this description the plaintiff could not give jurisdiction by waiving the tort in his statement, and setting forth that he sued in assumpsit.

The court in the opinion said: "Mere nominal distinctions between actions no longer exist, such as trespass, assumpsit, etc.; and the jurisdiction of the justices of the peace is not defined by employing any such terms or distinctions; hence, what is said about waiving the trespass, and suing in assumpsit is without force."

As this case must be reversed, and as the plaintiff may again bring her action, it may be as well to indicate our views of the main issues involved. The mare, which was the subject of the controversy, it is claimed was a gift from the plaintiff's mother to her. Whether the title passed and became perfect in the plaintiff, and what would be the measure of damages for a wrongful taking and conversion, are the two essential and controlling questions in the case.

The first instruction given for the plaintiff, taken in connection with the sixth given for the defendant, was substantially correct on the subject of title. For the plaintiff the instruction told the jury, that if they believed from the evidence that plaintiff's mother, before her marriage, gave the mare to the plaintiff, or after her marriage, with her husband's consent, gave her the same, then they should find for the plaintiff. For the defendant the court laid down the proposition, that, in order to effect a transfer of the mare in controversy, there must have been a giving or actual transfer by words, and not mere words that would signify an intent to transfer in the future.

It is essential to a gift, says Parsons, that it goes into effect at once, and completely. If it regards the future it is but a promise; and being a promise without consideration, it cannot be enforced, and has no legal validity. (1 Pars. Cont. 5 Ed., 234.)

The court obviously erred in laying down the rule in relation to the measure of damages, at plaintiff's request. The instruction on that subject, was to the effect, that if the jury found for the plaintiff, they should find for the price at which defendant sold the mare, with the interest, etc. The general principle is, that the rule of damages for the wrongful taking of goods, is the market value at the time, and not the price paid for them, or at which they were sold. In trover, the measure of damages is the value of the property at the time of conversion, with interest up to the time of trial. (Carter vs. Feland, 17 Mo., 383; Polk vs. Allen, 19 Mo., 467; Hill Rem. for Torts, 419, pl. 2.)

This rule has its qualifications in cases of property where the value is fluctuating (Sedg. Meas. of Dam., 4 Ed., 546, *et seq.*); but those qualifications do not affect the principle here.

The judgment must be reversed; the other judges concur, except Judge Sherwood, who is absent.