## MOSES v. ARNOLD ET AL.

43 187
f138 723

1. **Pleading**: CONTRACT: TORT. The tortious taking of property, which has not been sold by the wrong-doer, will not support the averment of a contract; and when the petition denies the existence of the contract, and there has been no sale of the property, an averment of the contract must be treated as surplusage.

2. **Attachment**: DISCHARGE OF PROPERTY. When an action of attachment is founded in part upon contract, it would be error to discharge the attachment altogether. If it is practicable to separate the property, that portion may be discharged which cannot properly be held by the officer.

*Appeal from Jasper District Court.*

TUESDAY, APRIL 25.

THIS is a suit in attachment.

The defendant moved to discharge the attachment on the ground that the causes of action alleged in the petition are not founded upon contract, and the petition was not presented to, and the attachment allowed by, any judge of the Supreme, District or Circuit Court.

The court overruled the motion, and from the order overruling it the defendants appeal.

*Parsons & Lewis*, for appellants.

*Smith & Wilson*, for appellee.

ADAMS, J. The first count in the petition is in the following words: "That on or about the 1st day of April, 1875, the said defendants took and appropriated to their own use one hundred and twenty-five bushels of wheat of the value of $93.75 of the property of your petitioner, and that no part of the same has been paid for, and that there is now due your petitioner the said sum of $93.75, for said wheat so taken and appropriated by said defendants."

The petition sets up two other causes of action, both of which are founded upon contract.

It is claimed by the plaintiff and appellee that, notwith-

standing the taking of the wheat was a tort, the petition shows that he has waived the tort, and seeks to recover as on an implied contract.

The defendants contend that the tort is not waived. In the consideration of this point, it must be observed in the outset that no contract is averred unless by implication, while the tort is set out unmistakably. As to whether a tort can be waived when the property tortiously taken has not been sold by the wrong-doer, is a question upon which there is a considerable conflict in the decisions.

In *Floyd v. Wiley*, 1 Mo., 430, where the plaintiff's horse came into the possession of the defendant and was converted by him to his own use, it was held that the plaintiff could waive the tort and maintain the assumpsit. The same doctrine is held in Tennessee, and also in an early case in New Hampshire. But in *Mann v. Locke*, 11 N. H., 246, it was held that where personal property had been tortiously taken, the tort could not be waived and assumpsit maintained unless the wrong-doer had sold the property.

In *Jones v. Hoar*, 5 Pick., 285, is a full review of the authorities, and PARKER, CH. J., said: "The whole extent of the doctrine as gathered from the books seems to be, that one whose goods have been taken from him or detained unlawfully, whereby he has a right to an action of trespass or trover, may, if the wrong-doer sell the goods and receive the money, waive the tort, affirm the sale and have an action for money had and received for the proceeds."

In *Watson v. Stever*, 25 Mich., 386, a late case, the plaintiff brought assumpsit to recover the value of saw-logs wrongfully taken by the defendant, but not sold by him. The Circuit Court held that the plaintiff could recover. But COOLEY, J., said: "There are not wanting decisions which support the ruling of the circuit judge; but the weight of authority, as well as the tendency of recent decisions, is the other way. If one has taken possession of property and sold or disposed of it, and received money or moneys' worth therefor, the owner is not compellable to treat him as a wrong-doer, but may affirm the sale as made on his behalf and demand in this form

of action the benefit of this transaction.   But we cannot safely say the law will go very much further than this in implying a promise where the circumstances repel all implication of a promise in fact."   *Glass Co. v. Wolcott*, 2 Allen, 227; *Stearns v. Dillingham*, 22 Vt., 627; *Smith v. Smith*, 43 N. H., 536; *Willett v. Willett*, 3 Watts, 277; *Pearsall v. Chapin*, 44 Penn. St., 9; *Fuller v. Duren*, 36 Ala., 73; *Balch v. Patten*, 45 Me., 41.

It appears, then, that proof of a tortious taking of property, where the property has not been sold by the wrong-doer, will

1. PLEADING:
contract:
tort

not support an averment of a contract, and where the petition negatives the fact of a contract, and there has been no sale of the property, an averment of a contract must be treated as surplusage.

While we think that the petition in this case should have been presented for an allowance, we think the motion was

2. ATTACH-
MENT: dis-
charge of
property.

properly overruled.   It would have been error to have discharged the attachment altogether, the action being based in part on contract.   If more property has been attached than could properly be attached upon that portion of the claim which is based on contract, and if it is practicable to release it without releasing any part of that which may properly be held, the officer on a proper motion may be directed to make such release.

AFFIRMED.