## HALE v. VAN DEVER, *Appellant.*

1.  **Justice's Court:** STATEMENT OF CAUSE OF ACTION. The statement in a case commenced before a justice of the peace charged that "defendant did wrongfully maim, wound and kill the hogs of plaintiff." The proof on the plaintiff's part was that defendant's dogs were fierce, and in the habit of worrying stock, and that defendant knew of their propensity. There was no evidence that he set them on, or knew that they were worrying plaintiff's hogs; *Held,* that the statement sufficiently set forth the plaintiff's cause of action.

2.  **Certain Evidence** as to the vicious propensities of defendant's dogs; *Held,* to be irrelevant.

*Appeal from DeKalb Circuit Court.*—HON. JOSEPH P. GRUBB, Judge.

*Shanklin, Low & McDougal* and *S. S. Brown* for appellant.

*Bennett Pike* and *Vinton Pike* for respondent.

HENRY, J.—This suit originated in a justice's court and was appealed to the circuit court, where plaintiff obtained a judgment, from which defendant has duly appealed to this court. The following is the statement filed by plaintiff in the justice's court: "Plaintiff states that about the 1st day of February, 1875, at the county of De Kalb, State of Missouri, defendant did wrongfully maim, wound and kill the hogs of plaintiff, by which acts and

doings of the defendant plaintiff is damaged in the sum of $40, for which, with costs of suit, plaintiff asks judgment." The evidence established the fact that defendant's dogs killed the plaintiff's hogs, and, while there was evidence tending to show that defendant's dogs were fierce and in the habit of worrying stock, and that defendant was aware of their vicious propensity, there was none whatever conducing to prove that defendant set the dogs on the plaintiff's hogs, or was aware that they were worrying them. Evidence on the part of defendant tended to prove that he did not know that his dogs were fierce and vicious, and in the habit of worrying stock.

Defendant contends that there was a material variance between the statement and the proof; that the evidence 1. JUSTICE'S COURT: established a cause of action different from statement of cause of action. that contained in the statement. Section 13 of the act in relation to justice's courts, Wagner's Statutes, page 814, provides that "in every suit not founded on an account or an instrument of writing, a statement of the facts constituting the cause of action shall be filed with the justice before any process shall be issued in the suit." The same provision is to be found in the revised statutes of 1855, and in the case of *Coughlin v. Lyons*, 24 Mo. 534, decided in 1857, the plaintiff filed the following statement with the justice: "James Lyons and Edward Sullivan, partners, as Lyons & Sullivan, to Peter J. Coughlin, Dr. 1855, February 20th. To forty-one hams, 464½ pounds, at ten cents, $46.45; two barrels of whisky, seventy-seven and one-half gallons, at twenty-eight cents, $21.70; total, $68.15." The evidence showed that the defendant caused a constable to take this property from plaintiff's possession at the suit of defendant against another person, and that the constable still had possession of the property of which plaintiff was proved to be the owner. This court held that the cause of action contained in the statement was in form for money had and received. It appears to us to have been for goods sold and delivered; but, however this may be, the

court observes that "the action may be considered as trespass or trover, according to the nature of the real transaction, and the plaintiffs may waive the tort and sue for so much money had and received. To this it is said that, in the suit for money had and received, to be sustained, there must be proof of the sale of the property taken and money received therefor. In courts of common-law jurisdiction, where actions were separated into various kinds, this doctrine was recognized ; but here there is no necessity for it, for this action itself may be considered as trover or as trespass, and there is no necessity for the application of the doctrine about money had and received to plaintiff's use." A stronger case in support of the ruling of the trial court cannot well be conceived, and, whatever doubts we might entertain of the soundness of the doctrine of *Coughlin v. Lyons* if it were a new question, it has too long and in too many cases been recognized to be overturned now. The instructions given by the court were, therefore, not objectionable.

Plaintiff's right to recover depended upon the proof that defendant knew the character of his dogs at the time

2. EVIDENCE.

that they killed plaintiff's hogs. The court permitted one Marshall to testify that in 1875 he saw defendant's daughter set the black dog on a hog. This was after plaintiff's hogs were killed. Bird was permitted to testify that after plaintiff's hogs were killed he saw defendant's dogs worrying witness' stock. Brettner was permitted to testify to the killing of a hog owned by him by another dog belonging to defendant, and that he made complaint to defendant, and that this dog was killed before plaintiff's hogs were killed. It seems to us clear that this evidence was inadmissible. It had not the slightest tendency to show that defendant, at the time plaintiff's hogs were killed, knew that his dogs had those bad habits, and Brettner's testimony was in regard to a dog owned by defendant which was killed before plaintiff's hogs were killed by other dogs owned by de

Hale v. Van Dever.

fendant. The evidence that, long after the killing of plaintiff's hogs, a daughter of defendant set a black dog, owned by defendant, on a hog, certainly had no tendency to prove that any one set the dogs on plaintiff's hogs, or that defendant knew the vicious character of his dogs when plaintiff's hogs were killed. We regret that the case was not properly tried, and that it ever found its way to this court. We are not inclined, except for palpable error, to reverse judgments in such cases, but think that appeal in such trivial causes should be discouraged both by the bar and the courts; but where there is manifest error we have no discretion in the matter. The judgment is reversed and the cause remanded. All concur.

REVERSED.