Sandeen v. Kansas City, St. Joseph & Council Bluffs Railroad Company.

*Pearce v. McClanahan*, 50 Mo. 267; *Dale v. Copple*, 53 Mo. 321.

The writ of error is, therefore, dismissed.    All concur.

---

SANDEEN v. THE KANSAS CITY, ST. JOSEPH & COUNCIL BLUFFS RAILROAD COMPANY, *Appellant.*

1.  **Torts:** PLEADING. Where goods have been taken and applied to the use of the captor without the consent of the owner, the wrong done is a tort, and the remedy is by an appropriate action for the tort. The owner cannot waive the tort and sue as upon a contract of sale.

2.  **Case Adjudged:** JUSTICE'S COURT. In a suit begun before a justice of the peace the plaintiff stated his cause of action in the form of an account, thus:

The K. C., St. J., etc., R. R. Co. to P. S., Dr.

To 102 ties at 50c..............................................................$51 00
To 440 feet of lumber at $20 per M.....................................    8 80
—————
$59 80

The evidence offered by plaintiff showed a taking of the ties and lumber without the knowledge or consent of plaintiff and a conversion of them to defendant's use. *Held*, that it did not support the complaint. Compare *Allen v. McMonagle*, 77 Mo. 478.

*Appeal from Clay Circuit Court.*—HON. GEO. W. DUNN, Judge.

REVERSED.

*Strong & Mosman* for appellant.

*Henry Smith, Hamner & Burris* for respondent.

MARTIN, C.—On the 2nd day of May, 1877, the plaintiff commenced suit before a justice of the peace by filing the following account:

The Kansas City, St. Joseph & Council Bluffs R. R. Co.
                    To Peter Sandeen, Dr.

To 102 ties at 50 cents...................................$51 00
To 440 feet of lumber (being 6 pieces, each 8 inches
    by 11 feet) at $20 per 1,000 feet....................  8 80
                                                        _____
                                                        $59 80

The trial resulted in a judgment by default, from which the defendant, after proper motion, appealed to the circuit court.

At the trial in that court the evidence of plaintiff tended to prove that the ties and timber mentioned in his account, were unlawfully taken by the servants of defendant, and that his action was brought to recover the value thereof. The plaintiff himself testified that he had never sold to defendant the lumber and ties mentioned in his account; that the defendant's men came and took them without asking him for them; and that he never consented to the taking, and did not know the exact time when they were taken. The defendant objected to the introduction of any evidence, on the ground that plaintiff had filed no statement of facts constituting his cause of action. This objection was overruled. The evidence of defendant tended to prove that the defendant's men had not taken the ties and lumber sued for. At the conclusion of the evidence the court refused an instruction asked by defendant to the effect that on the pleadings and evidence there could be no recovery, and of its own motion gave the following instruction: " If the jury find from the evidence that the defendant, by its agents and servants, took the ties and lumber of the plaintiff sued for and used the same in repairing its railroad, they will find for the plaintiff the value of the ties and lumber at the time the same were so taken and used, unless they find that defendant paid plaintiff for the same." The jury returned a verdict for plaintiff in the full amount claimed, and the defendant brings this appeal, assigning as

principal error a want of jurisdiction of the cause of action by the justice's court in which it was brought.

Under the statute the jurisdiction of a justice of the peace in actions for injuries to personal property is limited to $50. Wag. Stat., 808, § 3. The case as set forth in the statement filed before the magistrate is for money due on an account. The case as made in the evidence of plaintiff was for the unlawful taking of ties and lumber, and contains all the elements of the common law action of trover. That action in its nature consists of an injury to personal property, inflicted upon the owner by a conversion of the same to another's use, and as such it falls within the class of actions in which a justice's jurisdiction is limited to $50. *Smith v. Grove*, 12 Mo. 51; *Glasby v. Prewitt*, 26 Mo. 121. While the evidence discloses an action of tort in the nature of trover for the conversion of personal property, which, on account of the amount claimed, exceeds the jurisdiction of a justice of the peace, it is nevertheless contended by plaintiff that inasmuch as the defendant, according to plaintiff's evidence, has received the full value of the ties and lumber in its road, the law, at the option of plaintiff, raises an implied assumpsit to pay the value of the property, upon his waiving the tort; and that the case, in this manner changed to an action of assumpsit, is within the jurisdiction of a justice; his jurisdiction in actions on contract being in excess of the amount sued for.

It is perhaps unnecessary to examine this question upon principle, for the reason that it has been repeatedly settled in this State against the plaintiff. In the case of *Ahern v. Carroll*, 30 Mo. 200, the plaintiff sued on a statement of indebtedness for the value of a horse in the sum of $90, which it was alleged the defendant had unlawfully taken and detained. It is evident from the form of the account that he was suing as on an assumpsit for a conversion. But the court held that the action exceeded the jurisdiction of the justice. In the case of *Webb v. Tweedie*, 30 Mo. 488, the plaintiff sued as on an account for the killing of a bull. While

the form of the statement might well imply, as in the former case, that the tort was waived and the defendant called to account in assumpsit for the value of the bull, the plaintiff did not leave this conclusion to inference, but expressly stated in his account that he waived the wrong and sued in assumpsit. He was not permitted to give jurisdiction by such a waiver. The court remarked, Judge Ewing rendering the opinion: "This was an action for injuries to personal property, and the nature or cause of action (which now characterizes the classification as to jurisdiction) cannot be changed by giving it an obsolete name. Mere nominal distinctions between actions no longer exist, such as trespass, assumpsit, etc., and the jurisdiction of the justice of the peace is not defined by employing any such terms or distinctions; hence what is said about waiving trespass and suing in assumpsit is without force." There are other cases to the same effect. *Clark v. Smith*, 39 Mo. 498; *Spencer v. Vance*, 57 Mo. 427.

The waiver in the case at bar is not expressed, but it is necessarily implied in the form of the statement adopted; and in the evidence and agreement no other assumpsit was pretended than such as is furnished by a waiver of the tort and election of the plaintiff to substitute a fictitious or supposed promise of the defendant. No actual promise of the defendant was pretended at any time.

The doctrine that an action of tort could be changed at the option of the plaintiff into an action on promises, was originally applied to cases in which the wrong-doer, after having unlawfully taken personal property, had turned the same into money, and in this manner appropriated the value of it to his own benefit. The receipt of the proceeds supplied the supposed assumpsit, and in the absence of that fact the assumpsit was denied. *Moses v. Arnold*, 43 Iowa 187. The doctrine came to be extended by some courts to all cases in which the wrong-doer had acquired a benefit by his wrong. It was claimed that natural justice raised the promise upon the faith of the benefit received. *Webster v.*

*Drinkwater*, 5 Greenl. 322. This extension of the doctrine would tend to do away with the action of tort, for perhaps in a majority of the wrongs inflicted the wrong-doer receives some benefit. It is generally with the expectation of some benefit that he incurs the liability of guilt. The inherent weakness of the doctrine consists in the arbitrary substitution of a promise, which cannot be found in anything which the party to be charged has said or done. Nothing could be further from his intention than an actual promise. It is the extreme of fiction to impose the deliberation, solemnity and obligation of a sale upon the actual facts of a highway robbery. And while there should be a redress for every wrong, the experience of the past has shown that this object will be most universally achieved by employing such forms of redress as the actual facts constituting the wrong in every case may suggest and call for. This doctrine of fiction is not in accord with the spirit and logic of our practice act, which require the pleader to set out the actual facts constituting his cause of action or defense. 22 Am. Rep. 239.

In this case the plaintiff, in support of his fictitious contract, submits evidence of a tort, and nothing more, in precisely the same manner as if he had alleged a tort.

Even if he was at liberty to waive the tort and sue in contract, the statement in this case does not sufficiently indicate the actual facts supporting the pretended contract. There is nothing in it to indicate that the defendant is called upon to answer for the breach of a promise, the consideration of which flowed from the fruits and benefits of a tort. Under our decisions there would seem to be a fatal variance between the statement and the proof. *Carson v. Cummings*, 69 Mo. 325; *Moore v. Hutchinson*, 69 Mo. 429.

In accordance with the view we are constrained to take of this case, it is our opinion that it should be reversed and dismissed for want of jurisdiction in the court in which it was brought. So ordered. All concur.