JAMES WILKINSON, Respondent v. METROPOLITAN INSURANCE COMPANY, Appellant.

St. Louis Court of Appeals, November 7, 1893.

1. **Justice's Courts:** SUFFICIENCY OF CAUSE OF ACTION.⁋ A statement of the cause of action, filed before a justice of the peace, must be held to be good, if it is sufficiently specific to advise the defendant of the nature of the claim, and to bar another action thereon.

2. **Practice, Appellate:** NON PREJUDICIAL ERROR. The plaintiff was permitted to testify to a material matter which was also proven by another witness, and there was no contrary evidence. *Held,* that error in the admission of the plaintiff's testimony, owing to his being an incompetent witness, should not be held prejudicial under these circumstances.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

AFFIRMED.

*James M. Lewis*, for appellant.

(1) A statement filed in a justice's court, to be sufficient, must advise the defendant of the nature of the claim, and be sufficiently specific to be a bar to another action. The statement will be insufficient if it does not state the facts upon which the demands against the defendant is founded. *Brashears v. Stock*, 46 Mo. 221; *Swartz v. Nicholson*, 65 Mo. 508; *Iba v. Railroad*, 45 Mo. 469; *Razor v. Railroad*, 73 Mo. 471; *Butts v. Phelps*, 79 Mo. 302; *Hill v. St. Louis Ore and Steel Co.*, 90 Mo. 103. (2) Where one of the original parties to a cause of action in issue and on trial is dead, the other party to such contract or cause of action will not be permitted to testify to any fact which he would not have been permitted to testify to at common law. Revised Statutes, 1889, sec. 8918; *Stanton v. Ryan*, 41 Mo. 510; *Ring v. Jamison*, 66 Mo. 424; *Chapman v. Dougherty*, 87 Mo. 617; *Butts v. Phelps*, 79 Mo. 303; *Williams v. Edwards*, 94 Mo. 447; *Ashbrook v. Letcher*, 41 Mo. 369; *Lafayette Building Association v. Kleinhoffer*, 40 Mo. App. 388; *Soeding v. Bonner & Zollner Iron Co.*, 35 Mo. App. 349. (3) The disability, as a witness, of one of the original parties to a contract or cause of action in issue and on trial, where the other party is dead, and the survivor is a party to the suit, is co-extensive with every occasion where such instrument or cause of action may be called in question. *Chapman v. Dougherty*, 87 Mo. 617; *Meier v. Thieman*, 90 Mo. 433; *Berry v. Hartzell*, 91 Mo. 132.

*Wm. C.* and *Jas. C. Jones,* for respondent.

(1) The statement filed before the justice was sufficient. Revised Statutes, 1889, sec. 6138; *Iba v. Railroad,* 45 Mo. 469; *Razor v. Railroad,* 73 Mo. 471; *Weese v. Brown,* 102 Mo. 300; *Butts v. Phelps,* 90 Mo. 670; 13 American and English Encyclopedia of Law, pp. 648, 649; 11 American and English Encyclopedia of Law, pp. 319, 320; Bacon on Benefit Societies, 250; Cooke on Life Insurance, ch. 4., secs. 58, 63, 64. (2) The evidence of Wilkinson was properly admitted. Revised Statutes 1889, sec. 8918; *Moore v. Lowe,* 44 Vt. 561; *Cole v. Shurtleff,* 41 Vt. 311; *Bank v. Scofield,* 39 Vt. 590; May on Insurance, sec. 117; *Bank v. Eccleston,* 48 Md. 145; *Titus v. O'Connor,* 18 Hun. 373; *Cheney v. Pierce,* 38 Vt. 527; *Woodrow v. Mansfield,* 106 Mass. 112; *Fulkerson v. Thornton,* 68 Mo. 468. (3) Even though there was error in the admission of Wilkinson's testimony, the other evidence in the case being wholly uncontradicted, is amply sufficient to sustain the verdict. May on Insurance, sec. 117; also other authorities cited under first point.

BIGGS, J.—This action originated before a justice of the peace. The plaintiff filed the following statement: "Plaintiff states that on or about the ninth day of December, 1889, he, as the employer of one Ashley Roberts, did insure the said Ashley Roberts with the said company defendant in the sum of $196, which is evidenced by their policy number 5,362,931, which is herewith filed and made part of this petition, for which insurance he, the said Wilkinson, plaintiff herein, did pay all premiums due on the life of said Roberts up to the time of his death, which occurred in the month of July, 1891. That said company, defendant herein, is indebted to the said Wilkinson for and

on account of the insurance on the life of said Roberts in the sum of $196, for which amount the plaintiff prays judgment and his costs herein."

There was a judgment for the amount of the policy before the justice, and also in the circuit court. The defendant by successive appeals has brought the case here for review, and it seeks to have the judgment reversed for the reasons: (1) that the statement is insufficient, in that it fails to allege that plaintiff had an insurable interest in the life of the assured; (2) that the court erred in permitting plaintiff to give testimony in his own behalf touching a material issue.

It is alleged in the statement that, at the time the insurance was procured, Roberts was the servant of the plaintiff. Whether the master has an insurable interest in the life of his servant we need not decide, for the statement is good without an averment of an insurable interest. The rule is that a statement filed before a justice of the peace must be held to be good, if it is sufficiently specific to advise the defendant of the nature of the claim, and to bar another action thereon. *Iba v. Railroad*, 45 Mo. 469; *Weese v. Brown*, 102 Mo. 300. Here the statement shows that the cause of action is based on an insurance policy issued by the defendant; the policy is filed with the statement; the name of the assured is given, likewise the date of the policy and its number. These averments were sufficient to advise the defendant of the nature of the claim, and they would bar another action on the same policy by the plaintiff.

Against the objections of the defendant the court permitted the plaintiff to testify that the policy was issued for his benefit; that he paid the premiums; and that at the time the insurance was procured, and also at the time of the death of Roberts, the latter owed to him a sum in excess of the amount of the insurance.

Whether the plaintiff was a competent witness to prove the facts stated by him, the members of the court are not agreed. The terms of the policy are very unusual. The contract of insurance does not purport on its face to have been made with any particular person, and no one is named as the beneficiary. By the fifth clause in the policy the beneficiaries are confined to the personal representatives, wife or blood relatives of the assured, or to any other *lawful* beneficiary. This makes the question presented a very close one, which we prefer not to pass on, as the judgment ought to be affirmed regardless of the correctness or incorrectness of the ruling of the circuit court. The plaintiff introduced another witness who testified to a conversation between the plaintiff and Roberts about the time the policy was issued, in which Roberts admitted that he owed the plaintiff, and he said that the only chance the latter had of getting his money was to insure his (Roberts) life for the amount of the indebtedness.

Assuming that the court committed error in permitting the plaintiff to testify, we ought to affirm the judgment on the testimony of the other witness, as there was no countervailing evidence. Section 2303 of the Revised Statutes of 1889 provides that "The supreme court or courts of appeals shall not reverse the judgment of any court, unless it shall believe that error was committed by such court against the appellant or plaintiff in error, and materially affecting the merits of the action."

Therefore, the judgment of the circuit court will be affirmed. All the judges concur.