Force v. Squier.

FORCE *et al.* v. SQUIER, *Appellant.*

Division One, March 10, 1896.

Practice: PLEADING: JUSTICE'S COURT: ACTION ON ACCOUNT: RECOVERY FOR CONVERSION. The technical rules of pleading should not be enforced in actions before justices of the peace, and where the statement before the justice was: "J. J. Squier, in acc't with Chas. E. Force and E. S. Stewart, Dr.    Nov. 4, to 45 loads screenings $1.75, $78.75," recovery was properly allowed on proof of conversion of the screenings by defendant.

*Appeal from Jackson Circuit Court.*—HON. JAMES GIBSON, Judge.

AFFIRMED.

*Henry Wollman* and *Alexander New* for appellant.

Plaintiffs ought to have proved the cause of action sued on. In a suit brought on an account there can be no recovery where the proof shows a conversion. Plaintiffs can not sue upon one cause of action and recover upon another. *Clements v. Yeates,* 69 Mo. 623; *Ensworth v. Barton,* 60 Mo. 511; *Eyerman v. Cemetery Ass'n,* 61 Mo. 489; *Huston v. Scale Works,* 56 Mo. 416; *Robinson v. Rice,* 20 Mo. 229; *Harrison v. Railroad,* 37 Mo. 307; *Beck v. Ferrara,* 19 Mo. 30; *Link v. Vaughn,* 17 Mo. 585; *Duncan v. Fisher,* 18 Mo. 403; *Carson v. Cummings,* 69 Mo. 332. The indefiniteness sometimes permitted in statements sued on in justice

courts does not permit one to sue upon one cause of action and recover upon another; and in a suit commenced before a justice of the peace, if plaintiff states his action in the form of an account, he can not recover upon evidence showing a conversion. *Sandeen v. Railroad*, 79 Mo. 278; *Phillips v. Mastbrook*, 24 Mo. App. 129; *Robbins v. Railroad*, 34 Mo. App. 609; *Edwards v. Albrecht*, 42 Mo. App. 497. There was no testimony to prove an account. Plaintiffs tried the case on the theory that they were attempting to prove an action for conversion, and defendant's demurrer to the evidence should have been sustained. R. S. 1889, secs. 6138, 6139; *Leas v. Express Co.*, 45 Mo. App. 599. The case of *Allen v. McMonagle*, 77 Mo. 478, which is practically the sole case relied on by respondent, does not apply, for three reasons: *First*, in that case there was not filed an itemized statement of account as is now required by our statute. It does not say nine sheep at so much a head. *Second*, in that case there was an amendment in the circuit court so as to relieve the statement of its indefiniteness, and make it show on its face that it was a suit for conversion; and, *third*, that case, in so far as it applies to the question in the case at bar, has been overruled by *Sandeen v. Railroad*, herein referred to.

*Teasdale, Ingraham & Cowherd* for respondents.

No formal pleadings are required in the justice court. R. S. 1889, sec. 6138. A statement of a claim in the justice court need merely be definite enough to fairly inform defendant of the nature of plaintiff's demand and to furnish a sufficient basis for a plea of former adjudication in event a final judgment be rendered. *Weese v. Brown*, 102 Mo. 303; *Norton v. Railroad*, 48 Mo. 388; *Lockhart v. Moss*, 53 Mo. App.

636; *Gregg v. Dunn*, 38 Mo. App. 286; *Wittig v. Railroad*, 28 Mo. App. 108. The question then is, did the paper filed before the justice in this cause fairly inform the defendant of the nature of plaintiff's demand, and is it sufficient in the event of a final judgment thereon to furnish a basis for a plea of former adjudication. The case of *Sandeen v. Railroad*, 79 Mo. 278, relied upon by appellant to sustain his position, does not do so; for in that case the defendant appealed and assigned as error a want of jurisdiction of the cause of action by the justice. *Allen v. McMonagle*, 77 Mo. 478, was an action commenced before a justice of the peace and sustains respondents' contention in this case. Each of the cases relied upon by appellant were suits on contract and the proof shows tort. Hence we contend that the statement filed in this case, at least until timely objection made thereto because of insufficiency, was sufficient on which to try the case before the justice of the peace and in the circuit court; to amend in the circuit court if timely objection was made thereto to its sufficiency, and to base a judgment on that could be used as a bar to another action on the same facts. The statement in this case filed before the justice was sufficient. *Hale v. VanDever*, 67 Mo. 732; *Iba v. Railroad*, 45 Mo. 471; *Coughlin v. Lyons*, 24 Mo. 533; *Ingalls v. Averitt*, 34 Mo. App. 371; *Burt v. Warne*, 31 Mo. 296; *Strathman v. Gorla*, 14 Mo. App. 5; *Kehoe v. Phillipi*, 42 Mo. App. 294.

MACFARLANE, J.—This suit was commenced before a justice of the peace upon a cause of action stated as follows:

"J. J. Squier in Acc't with
"Chas. E. Force and E. S. Stewart *Dr.*
"Nov. 4, To 45 loads screenings, at $1.75,    $78.75."

The case was appealed to the circuit court where it was tried upon the same account.

On the trial in the circuit court the evidence showed that plaintiffs were the owners of certain screenings, from crushing rock for macadam, which were taken by defendant and converted to his own use without their knowledge or consent. At the close of plaintiffs' evidence, defendant demurred to its sufficiency on the ground that it "tended to prove a cause of action other than the one sued upon." The demurrer was overruled by the court and judgment was given for plaintiffs, and defendant appealed to the Kansas City court of appeals. Upon a hearing before that court the judgment was reversed upon authority of *Sandeen v. Railroad*, 79 Mo. 278, by which the court considered itself bound, as being the last decision of the supreme court on the question. The case was certified to this court, the opinion being deemed to be in conflict with other decisions of this court and of decisions of the St. Louis court of appeals.

The question is whether, upon the account filed as a cause of action, a recovery was authorized on proof of a wrongful conversion of the screenings.

Justice's courts are established for the convenience of the people, in order that petty disputes may be settled without delay, and with the least possible expense. Forms and formal pleadings are dispensed with in order that litigants may prepare their own statements and conduct their own trials. No more should be required in pleading than that the statement should be sufficiently specific to advise the opposite party of the nature of the claim made, and to bar a subsequent action for the same cause.

It seems to us that the account sued upon here possesses all the definiteness necessary for these purposes. It apprises defendant that pay is demanded

for forty-five loads of screenings. What additional enlightment would defendant receive from the further statement that they had been wrongfully taken and converted by him. The distinction would seem absurd to one unacquainted with the technical pleadings required in courts of record. If defendant conducted his own trial before the justice, a variance between the statement and the proof probably never occurred to him.

But the exact question was settled nearly forty years ago by this court in the case of Coughlin v. Lyons, 24 Mo. 533. That suit was commenced before a justice upon this account: "James Lyons and Edward Sullivan, partners as Lyons and Sullivan, to Peter J. Coughlin, Dr. 1855, Feb. 20, to 41 hams, 464 1-2 lbs., at 10 cents, $46.45 [$86.45]; 2 bbls. whisky, 77 1-2 gals., at 28 cents, $21.70; total $68.15." The proof showed that defendants caused a constable under process against another, to take the property from the possession of plaintiff and remove the same. The question of variance was directly raised and passed upon by the court and a judgment for plaintiff approved. The court say: "We consider that there is nothing in this objection. The action may be considered as trespass or trover, according to the nature of the real transaction, and the plaintiff may waive the tort and sue for so much money had and received." But it was objected that the constable had never sold the property and received the money. To this the court replied: "In courts of common law jurisdiction, where actions were separated into various kinds, this doctrine was recognized; but here there is no necessity for it, for this action itself may be considered as trover, or as trespass, and there is no necessity of the application of the doctrine about money had and

received." This decision was cited approvingly in *Iba v. Railroad*, 45 Mo. 471.

The case was also cited and quoted from at length by Judge HENRY in *Hale v. Van Dever*, 67 Mo. 734. The learned judge, in commenting upon the case, says: "A stronger case in support of the ruling of the trial court can not well be conceived, and, whatever doubts we might entertain of the soundness of the doctrine of *Coughlin v. Lyons* if it were a new question, it has too long and in too many cases been recognized to be overturned now."

In *Allen v. McMonagle*, 77 Mo. 479, the cause of action filed before the justice was: "To nine head of sheep, $25.00." In the circuit court plaintiff was permitted to amend his statement so as to show that the sheep had been wrongfully and without leave taken and converted. Judge SHERWOOD, who wrote the opinion of the court, says: "The case of *Hale v. Van Dever*, 67 Mo. 732, is decisive of the sufficiency of the statement filed with the justice, or if that were insufficient, of the right to amend the statement in the circuit court; that such amendment did not change the cause of action." This, of course, is an indirect approval of *Coughlin v. Lyons*.

Against this unshaken line of decisions of this court we have the later case of *Sandeen v. Railroad*, 79 Mo. 278. In this case plaintiff sued upon an account for ties and lumber amounting to $59.80. The evidence showed that the property was wrongfully taken and converted without the consent of defendant. The justice had jurisdiction of an account for the amount claimed, but not of a tort for damages exceeding $50. Plaintiff was allowed to recover on his cause of action and this court held that there could be no waiver of the tort when the effect of it was to give the court jurisdiction, which it otherwise did not possess. While the

question discussed was one of jurisdiction, the learned commissioner who wrote the opinion evidently did not approve of the doctrine which permits the substitution of a fictitious promise for a tort, and says: "Under our decisions there would seem to be a fatal variance between the statement and the proof," citing *Carson v. Cummings*, 69 Mo. 325, and *Moore v. Hutchinson*, 69 Mo. 429.

An examination of these cases will show that they do not in the least militate against the doctrine declared in the line of decisions commencing with *Coughlin v. Lyons, supra*. No question of pleading in a justice court was decided in either case. Nor does Judge MARTIN refer to any of the former decisions of this court which hold different views from those taken by him. We do not believe the court intended to overrule these decisions.

It might well be held by the commissioner that charging a fictitious promise would not change the nature of the real transaction so as to confer jurisdiction upon the court. Where jurisdiction is fixed and determined from the nature of the transaction, it may well be doubted whether it could be changed by a fictitious statement of a different transaction. That it could not be thus changed is the only question decided in the *Sandeen* case. But see *Dowdy v. Wamble*, 110 Mo. 283, for a discussion of the right of amendment under the present statute.

In a subsequent case (*Finley v. Bryson*, 84 Mo. 670) the same learned commissioner, after conceding the right, under the authorities, of a plaintiff to waive a tortious conversion and to sue in assumpsit, says: "But when the *gravamen* of the transaction sounds in *tort*, the plaintiff will not be indulged in this fiction, *if the effect of it is to give jurisdiction over the subject-matter to a court which otherwise would not possess it*,"

citing the *Sandeen* case.   The opinion recognizes the right of a plaintiff to elect where his sole purpose is to maintain an assumpsit, and gives interpretation to the opinion in the *Sandeen* case.

We are therefore of the opinion that the principle announced in the case of *Coughlin v. Lyons* is unaffected by the decision of the *Sandeen* case and is the settled law in this state.

The judgment of the circuit court is affirmed, and the cause remanded to the Kansas City court of appeals with directions to enter judgment accordingly.   All the judges of this division concur.