GEORGE T. COLLINS, Respondent, v. CHARLES R. BURRUS, Appellant.

**St. Louis Court of Appeals, March 24, 1896.**

Justices' Courts: ACTION ON PROMISSORY NOTE: NECESSITY FOR STATE-MENT OF CAUSE OF ACTION. No statement of the cause of action is necessary in a suit upon a promissory note instituted before a justice of the peace by a transferee against the maker, but the filing of the note itself will suffice; and this, though the note is payable to the order of a person named therein, and does not bear the indorsement of the payee nor show how the plaintiff derived his title.

*Appeal from the Scotland Circuit Court.*—HON. BENJ. E. TURNER, Judge.

AFFIRMED.

*Smoot, Mudd & Wagner* for appellant.

The plaintiff must file with the justice a statement of his cause of action. R. S. 1889, sec. 2852. A note payable to order and not indorsed is not a sufficient statement of a cause of action. *Smith v. Zimmerman*, 29 Mo. App. 249. Possession of a negotiable promissory note payable to order and unindorsed raises no presumption of ownership. *Cavill v. Tharp*, 30 Mo. App. 131; *Rice v. McFarland*, 41 Mo. App. 489; *Bowers v. Johnson*, 49 N. Y. 435.

*Collins, McKee & Jayne* for respondent.

ROMBAUER, P. J.—The plaintiff filed for his cause of action before a justice of the peace a promissory note executed by the defendant and payable to Barnes & Myers. The note thus filed did not contain the indorsement of Barnes & Myers, and no statement was

filed accompanying it to show in what manner the plaintiff claimed title to the note. The defendant did not appear before the justice until after judgment. He then appeared and moved to set aside the judgment, on the ground that the filing of the note was not the filing of a sufficient statement under the statute. The justice overruled the motion. The defendant appealed to the circuit court, and there renewed his motion to dismiss, which the circuit court overruled. The cause thereupon was tried, both parties being represented by counsel, and the court *upon the hearing of evidence* rendered a judgment for plaintiff. No exceptions were saved at the hearing, but the defendant renewed his objections to the sufficiency of the statement by motion for new trial and in arrest. These motions were overruled, whereupon the defendant appealed to this court.

Section 6139 of the Revised Statutes, 1889, referring to proceedings in justices' courts, provides: "When the suit is founded upon any instrument of writing purporting to have been executed by the defendant, and the debt or damages claimed may be ascertained by such instrument, the same shall be filed with the justice, and no other statement or pleading shall be required." The defendant claims that this section applies only to cases wherein the title of the plaintiff appears by the instrument sued upon, and that in all other cases a supplemental statement showing the plaintiff's derivative title is essential. The plaintiff claims that this section, as its language indicates, refers to all actions for liquidated damages, when the suit is founded upon an instrument of writing purporting to have been executed by the defendant.

We conclude that the plaintiff's contention is correct, and is supported by the decision of the supreme court in *Mastin Bank v. Hammerslough*, 72 Mo. 274. It is true that, when that decision was rendered, the

statute contained a further provision, which has since been repealed, namely, that "when both parties first appear before the justice, either upon the return of process or upon their voluntary appearance without process, the justice shall, on the application of the defendant (and may, without such application), require of the plaintiff a brief verbal statement of the nature of his demand." 2 Wagner's Statutes, sec. 12, p. 822. It is not apparent to us, however, how the repeal of that section can affect the construction of section 6139, *supra*, which in its language is plain and unambiguous. Section 12, *supra*, referred to all actions, whether founded on written instruments or not, and was presumably repealed as unnecessary, since it is within the inherent powers of any tribunal to require of the plaintiff a full statement of his cause of action before it proceeds to its trial.

It has always been held that a plaintiff's statement, in an action before a justice of the peace, need not state evidentiary facts. *Coughlin v. Lyons*, 24 Mo. 533; *Hale v. Van Dever*, 67 Mo. 732; *Boefer v. Sheridan*, 42 Mo. App. 226; *Wilkinson v. Insurance Company*, 54 Mo. App. 661; *Weese v. Brown*, 102 Mo. 299; *Polhans v. Railroad*, 115 Mo. 535. If the statement is sufficient to advise the adverse party with what he 'is charged, and specific enough to bar another action, it is sufficient. What difference can there be between a case wherein the plaintiff claims under successive indorsements of negotiable paper, and one wherein he claims by delivery for value, as in either event the defendant's appearance is equivalent to the general issue and puts the plaintiff upon proof of his title.

We are aware of the fact that the construction placed upon this statute by the Kansas City court of appeals in *Smith, Administrator, v. Zimmerman*, 29 Mo. App. 249, is seemingly opposed to what is hereinabove

said.   Our  decision,  however,  is  not  opposed  to  the
point in judgment there, since in that case the plaintiff
sued  in a  representative  capacity,  and  failed  to allege
the  capacity  in  which  he  sued,  which was  necessarily
fatal  to his statement.   Here  the  plaintiff  sues in  his
own  right,  both  parties  appeared  at  the  hearing,  and,
as the evidence is not in the record, we  must  presume
that  the plaintiff gave satisfactory evidence of  his title
to the note.

All  the  judges  concurring,  the  judgment  is  af-
firmed.