W. F. Bell, Respondent, v. N. C. Boyd, Appellant.

Kansas City Court of Appeals, April 6, 1896.

1. Justices' Court: PLEADING: SUFFICIENT STATEMENT: BAR. The statement that defendant on, etc., while removing a safe from plaintiff's building, etc., negligently broke down and demolished the front of the same to plaintiff's damage, etc., with an itemized account of repairs, is sufficiently specific to show the nature of the action and definite enough to bar another action.

2. ———: ———: EVIDENCE: VARIANCE. At the trial on the foregoing complaint the evidence shows the damage resulted from the use of a defective pole. *Held*, there was no variance between the allegation and the evidence.

*Appeal from the Howard Circuit Court.*—Hon. John A. Hockaday, Judge.

Affirmed.

*E. R. Spotts* and *Crawley & Son* for appellant.

(1) The paper filed as the basis of plaintiff's suit is not such a "statement of the facts constituting the cause of action," as is required by section 6138, Revised Statutes, 1889, governing actions brought before justices of the peace. Said paper shows no relation between the parties, contractual, or arising out of public duty. It alleges no specific act of omission or commission to which the charge of negligence applies. It states no fact showing or tending to show negligence. It is merely a statement of a legal conclusion, and is wholly insufficient to justify the admission of evidence under it, or to sustain the verdict in plaintiff's favor. *Troth v. Norcross*, 111 Mo. 630; *Waldhier v. Railroad*, 71 Mo. 514. (2) But even if said statement be adjudged sufficient to put defendant upon his defense of the

charge of negligence "while removing" the safe in question, still, we insist, that this allegation can not by any legitimate stretch of meaning be made to cover proof that the damage complained of was caused solely and exclusively by the breaking of a defective appliance. The difference between allegation and proof is fatal to plaintiff's case. *Debolt v. Railroad*, 123 Mo. 496; *Bohn v. Railroad*, 106 Mo. 429; *O'Brien v. Steel Co.*, 100 Mo. 182; *Harty v. Railroad*, 95 Mo. 368; *Gurley v. Railroad*, 93 Mo. 445; *Current v. Railroad*, 86 Mo. 62; *Ely v. Railroad*, 77 Mo. 34; *Price v. Railroad*, 72 Mo. 414; *Waldhier v. Railroad*, 71 Mo. 514; *Buffington v. Railroad*, 64 Mo. 246; *Madden v. Railroad*, 50 Mo. App. 666. (3) Nor does the fact that no formal pleading is required in actions commenced before justices of the peace relieve plaintiff from the rule that the proofs must correspond to the statement actually filed. Even in justice's courts the pleader who picks his ground must stand upon it. *Madden v. Railroad*, 50 Mo. App. 666; *Penninger v. Reilley*, 44 Mo. App. 255; *Edwards v. Albrecht*, 42 Mo. App. 497.

*W. C. Ardine* and *Draffen & Williams* for re-pondent.

(1) The statement was sufficient. "No objection was made until the trial, and then but the general one, that the petition failed to state facts sufficient to constitute a cause of action. * * * Moreover, generality in a charge of negligence is not a fatal objection to it after answer." *Foster v. Railroad*, 115 Mo. 165. It is sufficient if the account sued on, or the statement filed by plaintiff, advises the adverse party of the nature of the plaintiff's cause of action, and is sufficiently definite to bar another action for the same cause. *Gregg v. Dunn*, 38 Mo. App. 283; *Pearson v.*

*Inslow*, 20 Mo. 322; *Witting v. Railroad*, 28 Mo. App. 103; *Lee v. Telegraph Co.*, 51 Mo. App. 375; *Witting v. Railroad*, 101 Mo. 631; *Iba v. Railroad*, 45 Mo. 469. (2) There was no variance between the allegations of the statement and the proof. *Hale v. Van Dever*, 67 Mo. 732; *Mack v. Railroad*, 77 Mo. 232; *Schneider v. Railroad*, 75 Mo. 295; *Hurley v. Railroad*, 57 Mo. App. 675.

GILL, J.—Plaintiff sued the defendant before a justice of the peace, charging in the statement, "that defendant, on or about the fifteenth day of February, 1894, while removing a safe from the building owned by plaintiff (describing it) *negligently broke down and demolished the front of said building*, to the plaintiff's damage in the sum of $53.54," etc., accompaning the statement with an itemized account of the repairs plaintiff was compelled to make.

The proof was to the effect that defendant undertook to move an iron safe, weighing about four thousand pounds, from the second story of plaintiff's building in the city of Fayette; that in letting it down the steps to the front of the building, defendant used a pole or piece of wood, the ends of which he placed in opposite doors at the head of the stairway, and to this a rope was attached, which held the safe; that in letting the safe down, the piece of wood broke and the safe fell down the stairs and through the front of the building, committing the damage complained of. The evidence on plaintiff's part tended to prove that this stick of wood was unsound and imperfect and its defective condition could have been detected by reasonable inspection.

On a trial by a jury, plaintiff had a verdict and judgment for the full amount sued for, and defendant appealed.

But two questions are presented on this appeal: *First*, it is contended that the statement was insuffi- cient, and, *second*, that there was a fatal variance between the allegations of the statement and the proof.  We think there is no merit in either complaint.  The statement was sufficiently specific to advise defendant of the nature of the charge against him, and definite enough to bar another action for the same cause. This is all that is required in a statement filed with a justice of the peace.

So, too, the evidence of the negligent use of a defective pole or stick whereby damage resulted was not outside of, or at variance with, the allegations of the statement.  The complaint was a general charge of negligence in moving the safe:—"That defendant * * *  while removing a safe from the building  * * * negligently broke down and demolished the front of said building, to the plaintiff's damage," etc.  This was sufficient to let in the evidence here adduced. The following authorities are in point.  *Mack v. Railroad*, 77 Mo. 232; *Schneider v. Railroad*, 75 Mo. 295; *Hale v. Van Dever*, 67 Mo. 732; *Witting v. Railroad*, 101 Mo. 631; *Hurley v. Railroad*, 57 Mo. App. 675, and cases cited.

It is not an instance of alleging *one* cause of action and recovering on *another*, and hence defendant's authorities along that line are not in point.  If the complaint had stated that a defective rope was used, which broke and caused the damage, then evidence to the effect that the injury resulted from the use of a rotten or defective pole or stick, or because of some other matter of negligence than that specifically mentioned, would not be proper, and defendant's authoriies would apply.

We discover no error in the record and the judgment will be affirmed.  All concur.