BRITTAIN, Respondent, v. MURPHY, Appellant

St. Louis Court of Appeals, April 24, 1906.

1. **JUSTICES OF THE PEACE: Pleading: Indorser of Promissory Note.** In an action against the indorser of a promissory note before a justice of the peace, the filing of the note without other statement of cause of action was sufficient to let in evidence that demand and notice had been waived.

2. ———: ———: ———: **Timely Objection.** Where, in such an action at the trial on appeal in the circuit court, evidence of waiver of demand and notice was introduced without objection, the defendant could not in the appellate court be heard to claim that such evidence was incompetent, even if the point were otherwise well taken.

Appeal from St. Louis City Circuit Court.—*Hon. O'Neill Ryan,* Judge.

AFFIRMED.

*Thomas P. Bashaw, J. P. Vastine* and *P. T. Barrett* for appellants.

*L. F. Ottofy* for respondent.

GOODE, J.—This action originated before a justice of the peace and is founded on the following promissory note:

"$300      St. Louis, Mo., September 26, 1902.

"Sixty days after date I promise to pay to the order of John T. Murphy, three hundred dollars, for value received, negotiable and payable without defalcation or discount, with interest from maturity at the rate of six per cent per annum.      "S. DILL NEVLING,

"1521 Cass Ave."

On the back of the note were written the names of John T. Murphy and C. L. B. Polston. The case went to the circuit court on appeal and there resulted in a judgment for plaintiff against John T. Murphy, who took an appeal to this court.

Plaintiff Georgia Brittain is the wife of Francis D. Brittain. On September 22, 1902, the defendant Murphy and Charles Polston sold Francis Brittain an undivided one-third interest in a certain business owned by Polston and Murphy and conducted in the Emilie Building in the city of St. Louis. The written contract of sale recited that the business consisted of a general law practice, chattel loans and collections. The consideration paid by Brittain for the third interest was $500. It turned out that this money belonged to his wife, the plaintiff, and when she learned of the investment she objected to it, with the result that Murphy and Polston repurchased from Brittain the interest they had sold to him, paying him therefor $225 in cash and executing the note in suit. The signer of this note was Dr. S. Dill Nevling, and Murphy was the payee. Murphy and Polston indorsed the note and delivered it to Brittain, who turned it over to plaintiff. At the trial in the circuit court plaintiff's counsel stated to the court, at the latter's request, three grounds on which a recovery was expected. One of the grounds was that after the maturity of the note Murphy promised to pay it, knowing at the time there had been no demand for payment of the maker Nevling, or notice of dishonor given. It will be unnecessary to state the other grounds on which plaintiff asked for judgment, because the court confined her to the ground mentioned. Plaintiff, and a witness or two besides, gave testimony that she called on Murphy after the note fell due and demanded that he pay it, telling him she looked to him for payment. He told her Dr. Nevling was good and would pay the note, but she insisted that he (Murphy) must pay it. According to

the witnesses for plaintiff, Murphy promised to pay it, saying he did not have the money on hand at the time, but would raise it by disposing of some real estate. Plaintiff swore he made this promise several different times. He testified to the contrary, though rather ambiguously; for he admitted that possibly he told plaintiff he would pay the note if he had the money to spare.

The court instructed that if the jury found from the evidence that Murphy indorsed the note after maturity and promised to pay it; knowing when he made the promise that no demand for payment had been made of Nevling and no notice of dishonor had been given to him, the verdict should be for plaintiff. At defendant's request the court instructed that if they found certain transactions were had leading to the execution of the note by defendant, and this note was delivered to Brittain, and Brittain in said transactions acted in his own name and not as agent of his wife, and defendant did not know the money involved in the transaction belonged to plaintiff, the verdict should be for defendant. The court also instructed that failure to protest the note for non-payment discharged Murphy from liability on it as indorser, unless after its dishonor he agreed, by an express promise, to pay it. An instruction was refused which declared that if the jury found no demand was made for payment of the note at maturity or notice of non-payment given the indorser, the latter was discharged from liability and was liable only if he afterwards agreed in writing to pay the note.

The main contention on the appeal is that plaintiff had no right to recover against Murphy as indorser, because no statement of the cause of action was filed with the justice of the peace. The note itself was filed, but it is argued that this was not sufficient. The argument is of the following tenor: An indorsed note implies an agreement between the payee or owner and the indorser that the holder will present the note to the

maker for payment at its maturity and notify the indorser if it is dishonored; and the indorser agrees to pay it if this is done, but not otherwise. It is said that merely filing the note with the justice without any statement, was tantamount to alleging that plaintiff had done what was necessary to charge Murphy as indorser; that is to say, had presented the note to Nevling for payment at maturity and given notice to Murphy of the default in payment. It is said further that testimony for plaintiff going to prove a waiver by Murphy of his right to demand notice, amounted to proving a cause of action contrary to the cause of action implied by the filing of the note. In this connection we are cited to certain decisions holding that when plaintiff in a petition declaring on a promissory note alleges demand and dishonor, he cannot prove waiver of such conditions in the absence of an averment of waiver. [First Nat'l Bank v. Hatch, 78 Mo. 13.] No doubt this is the rule when the petition avers demand for payment and notice of dishonor; but the contention that merely filing the note with the justice was equivalent to such an averment is fallacious. No formal pleadings are required in a justice's court and the filing of the note was sufficient to give the justice jurisdiction. [Collins v. Burrus, 66 Mo. App. 70.] We think it was sufficient to let in proof to establish a case against Murphy as an indorser, in which capacity he contended himself he had signed the note. As he might be sued as indorser in a justice's court by merely filing the note containing his indorsement, so we think it was competent to prove that he had waived demand and notice. However, all that we need to decide in the present case is that this point is not available to the defendant, even if otherwise it would be well taken, for the reason that no objection was interposed to the testimony offered by plaintiff to show Murphy had repeatedly promised to pay the note after its maturity, notwithstanding the fact that he knew of the

maker's default and that no notice of dishonor had been given. Those facts constituted a waiver. [Salisbury v. Renick, 44 Mo. 554, 559.]

The judgment is affirmed. All concur.